Dickson, J.
Heard on application of receiver for distribution of funds.
On or about the 9th day of May, 1905, the business affairs of Ellis & Company were by order of this court placed in the hands of a receiver. At the time of this action in this court, Ellis & Company had on hand several large contracts for the erection of buildings. Among others the erection of Memorial Hall at Columbus, Ohio, for the sum of $211,405. This building had approached completion at that time. All the labor and material furnished had not been paid for. Those who had furnished this material and this labor before the appointment of the receiver perfected their statutory liens.
Under the terms of the contract between Ellis & Company and the trustees of the Memorial Hall, certain final payments were not to be made until the building was completed and accepted. Upon application, after due notice, this court ordered the receiver to complete this building and thus make the last payments available for all costs of court and for distribution. Several material men had at that time goods in transit or in the factory ready for delivery. Some of these applied to this court for leave to replevin their goods and were refused, and were ordered to surrender their materials to the receiver and to be paid by him. Those who had their goods in factory ready for shipment made arrangements through the receiver by order of court to furnish these goods to the receiver and to be paid by him. From time to time the receiver obtained other court orders *143 for money and materials to be paid by certain receiver’s certificates. Almost all of these orders of court, each in its turn, were made liens prior to all other liens. These orders were made by the court upon ex parte hearings. In time the building was completed, and in due time the receiver, by permission of court, sued in the Franklin County Common Pleas Court for the purpose of compelling payment to him of the balance due. The statutory liens were about $23,000. The liens created by the orders of court are $14,042.71.
After a hearing, the Common Pleas Court of Franklin County found against the receiver as to the liens created by him under the orders of this court, and in favor of the statutory lienholders. This finding of the Franklin county court was appealed to the circuit court therein, and thereupon the same decision was rendered. After certain proceedings in error had in the Supreme Court of Ohio, that court reversed both the lower courts and ordered the Memorial Hall trustees to pay $17,226.74 then available to the receiver. This money is now in this court. This receiver now reports to this court that he has this money and asks the court for orders as to its distribution.
The statutory lienholders knew in law that the Memorial Hall trustees could not be made to make the final payments until the building was completed.
The lienholders by order of court knew that the receiver could not be made to pay them until the building was completed. Both sets of lienholders knew they could not be paid until the building was completed, and the Memorial Hall trustees had paid the money to some one. This some one is now the receiver appointed by this court.. Each and every claimant on this fund can only get his pay out of this fund. The statutory lienholders did not complete the building. The receiver did. This completion of the building by the receiver brought the money into this court. Without it the money would not be here. It is rightly here now by the order of the Supreme Court of Ohio.
Those who brought the fund here must first be paid; that is, costs of court, all fees and all expenses of the receiver. Second, those who furnished the money, labor and material to the receiver under order of court must then be paid.
*144 If there be enough money to pay all these court lienholders they must be paid in full. If there be not enough money so to do, then all court lienholders must pro rate. There can be no priorities among these, and this is so notwithstanding any prior orders of -this court. The one with the ■ first order of court could not have been paid without the assistance of the one with the second order of court. The one with the second order of etrart could not be paid without the third, and so on until the last. The holder of the first order could not have gotten anything without the aid of the last, and the last and those next prior thereto, took their chances on the size of the fund. If any money' be left it will be pro rated among the statutory lienholders.
These statutory lienholders knew they could only be paid if the building were completed. They had notice that the receiver had been appointed — notice that he had been ordered to complete the building. They made no complaint — no offer on their part to complete the building. Ellis & Company had abandoned the building. The statutory lienholders had abandoned the building. They made no resistance to the order of the court to the receiver to complete the building. They preferred to stand by and see others work for and endeavor to help them. He who stands by and sees another render such services for him as are usally paid for impliedly agrees to pay what those services are reasonably worth. The services were rendered by the receiver and his aids — that is his laborers, his material men and those who furnished him money were such. In short, this court and its receiver and his aids, personal and material, were the servants of these statutory lienholders, and as such must be paid even to the exhaustion of the fund.
Decree accordingly.